PATRICK COLLINS, INC.,

      Plaintiff,

vs.

JOHN DOES 1-30,

      Defendant.
_____/

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 2:11-cv-14104-KMM

FILED by CBA D.C.
AUG 1 0 2011
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

### DEFENDANT'S MOTION TO DISMISS FOR LACK OF SERVICE AND MOTION TO QUASH SUBPOENA

Defendant, pursuant to the applicable Federal rules of civil procedure, hereby moves for the entry of an order dismissing this action for lack of service and an order quashing the subpoena and in support states as follows:

1. On March 16, 2011, Plaintiff filed a complaint against 30 individual Defendants in the Southern District of Florida for copyright infringement.

2. Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after it files the complaint. The 120 days for service runs from the date of the original complaint for all Doe Defendants – identified by Doe number, the Internet Protocol address associated with each Defendant, the identity of the Internet Service Provider associated with the Internet Protocol address, the last-observed date and time that the infringement by that Defendant was observed, and the software protocol used by the Defendant – named in the original complaint. *See Harris v. City of Cleveland*, 7 Fed. Appx. 452, 456 (6th Cir. 2001) ("A plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint naming additional defendants.") (citing 4A Wright & Miller, Federal Practice & Procedure § 1137, at 103 (Supp. 2000)); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (holding that district court did not abuse its discretion in dismissing defendants named

in an amended complaint when they had been named in an earlier complaint but not served within 120 days of the filing of the original complaint); *Scot v. Hern*, 216 F.3d 897, 911-912 (10th Cir. 2000) (upholding dismissal of an action against Doe defendants for failure to effect timely service under Rule 4(m)); *Figueroa v. Rivera*, 147 F.3d 77, 83 (1st Cir. 1998) (holding, in the alternative, that dismissal was proper pursuant to Rule 4(m) where the plaintiff failed to identify and serve an unknown defendant within 17 months of filing the complaint); *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill. 1995) (holding that Doe defendants must be identified and served within 120 days of the commencement of the action against them (but declining to dismiss the action)); *Sedaghatpour v. California*, No. C 07-01802 WHA, 2007 WL 2947422, at *2 (N.D. Cal. Oct. 9, 2007) ("Furthermore, the Court may dismiss 'Doe' defendants who are not identified and served within 120 days after the case is filed pursuant to FRCP 4(m)."); *cf. McGuckin v. United States*, 918 F.2d 811, 812, 813 (9th Cir. 1990) (holding that time to serve defendants *added in the new complaint* runs from filing of new complaint). This approach comports with the policies underlying the rule. See *Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir. 1987) ("Rule 4(j) [Rule 4(m)'s predecessor] is intended to force parties and their attorneys to be diligent in prosecuting their cause of action.") (citing *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985)). A court must dismiss a case without prejudice if a plaintiff has not complied with Rule 4(m) unless the plaintiff shows good cause for its failure to serve a defendant. Fed. R. Civ. P. 4(m). If good cause appears, the court must extend the time for service for an appropriate period. *Id.*

Whether good cause exists is determined on a case by case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). A plaintiff may show good cause where it attempted to serve a defendant but not yet completed it, was confused about the requirements for service of process, or was prevented from serving a defendant because of events outside of its control. *See Wei v*, 763 F.2d at 372 (applying the good cause standard in Rule 4(j) which was replaced by Rule 4(m) in 1993); *Mateo v. M/S KISO*, 805 F. Supp. 792, 795 (N.D. Cal. 1992) (overturned on other grounds). Evasion of service could also constitute good cause for delay in service. *Id.* at 371; *Intrade Industries, Inc. v. Foreign Cargo Mgmt. Corp.*, No. 1:07-CV-1893 AWI GSA, 2008 WL 5397495, at *1 (E.D. Cal. Dec. 24, 2008) (citing *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997)).

Plaintiff has not explained its failure to provide proof of service. Furthermore, Plaintiff has not filed a motion for an enlargement of time to serve and has not filed anything that would constitute acceptable evidence of good cause. Rule 4(m) requires Plaintiff to have filed proof of service by July 15, 2011. Plaintiff did not. As such, Defendant requests this Honorable Court dismiss this case for failure to serve the defendants as required by Rule 4(m).

Moreover, Defendant request this Honorable Court quash the subpoena to produce documents and information as it has never been served and the information requested is private and privileged.

**WHEREFORE,** Defendant, respectfully requests that the Court dismiss this action for lack of service of process and quash the subpoena and award Defendant its reasonable attorney's fees incurred in having to file this motion and have it heard, and to grant further relief as justice so requires.

### CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail and Facsimile on this_____ day of August, 2011 to M. Keith Liscomb, Libscomb Eisenberg, PL at 2 South Biscayne Blvd., penthouse 3800, Miami, Florida 33131 and ATT via transmittal – fax: (919) 319-8154.

_____
ANGELA OBANDO